Michael K. Hepworth (15157)
Dustin L. Clark (12003)
HEPWORTH LEGAL
320 W 500 S Ste. 200
Bountiful, UT 84010
801-872-2222 (main)
Michael@HepworthLegal.com
Dustin@HepworthLegal.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA, CENTRAL DIVISION

| | |
|---|---|
| BENJAMIN JOSEPH BAKER,<br><br>Plaintiff,<br><br>v.<br><br>STEWARD HEALTH CARE SYSTEM LLC, a Delaware limited liability company, and its successors and/or assignees; JORDAN VALLEY MEDICAL CENTER, LP, a Delaware limited partnership, and its successors or assignees; COMMONSPIRIT HEALTH as a successor and/or assignee,<br><br>Defendants. | **COMPLAINT**<br><br>**Jury Demanded**<br><br>Case No.<br><br>Judge: |

Plaintiff Benjamin Joseph Baker hereby complains and alleges the following against Defendants:

### JURISDICTION AND VENUE

1. This is an action for damages arising under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101-12213, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611-2654, and state and common-law claims as alleged below.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(4) (civil rights action), 42 U.S.C. § 12117(a) (ADA) incorporating 42 U.S.C. § 2000e-5(f)(3) (Title VII jurisdiction), and 29 U.S.C. § 2617(a)(2) (FMLA). This Court also has supplemental jurisdiction over any and all pendent state law claims pursuant to 28 U.S.C. § 1367.

3. All material allegations contained in this complaint are believed to have occurred in the State of Utah, in the County of Salt Lake; therefore, pursuant to 42 U.S.C. § 12117(a) (ADA), incorporating 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1391(b)(2), venue properly lies in the Central Division of the United States District Court for the District of Utah.

## PARTIES

4. Plaintiff Benjamin Joseph Baker ("Mr. Baker" or "Plaintiff") is an individual who resides and, at all times relevant to this action, has resided in Davis County, Utah.

5. Defendant Jordan Valley Medical Center, LP (hereinafter "Defendant JVMC") is a Delaware limited partnership doing business under the fictitious names "Jordan Valley Medical Center – West Valley Campus," "Holy Cross Hospital – Jordan Valley," and "Holy Cross Hospital – Jordan Valley West" and conducting and transacting business within the State of Utah, County of Salt Lake.

6. Defendant JVMC is and, at all times pertinent hereto was, an "employer" as that term is defined in 42 U.S.C. § 12111(5). Defendant JVMC had over fifteen employees at all times relevant to this matter.

7. At all times relevant hereto, Defendant JVMC had over fifty employees working within a seventy-five-mile radius of its worksite located at 3460 S 4155 W, West Valley City, UT 84120.

8. Defendant Steward Health Care System LLC (hereinafter "Defendant Steward") is a Delaware limited liability company doing business under the fictitious name Steward Health Care and conducting and transacting business within the State of Utah, County of Salt Lake.

9. Defendant Steward is an "employer" as that term is defined in 42 U.S.C. § 12111(5). Defendant Steward had over fifteen employees at all times relevant to this matter.

10. At all times relevant hereto, Defendant Steward had over fifty employees working within a seventy-five-mile radius of its worksite located at 3460 S 4155 W, West Valley City, UT 84120.

11. On information and belief, Defendant Steward, at all times material hereto, was operationally connected or had control over the labor and employment policies and Defendant JVMC's compliance with workplace laws.

12. Defendant CommonSpirit Health (hereinafter "Defendant CommonSpirit") conducts and transacts business within the State of Utah, County of Salt Lake.

13. Defendant CommonSpirit is an "employer" as that term is defined in 42 U.S.C. § 12111(5). As a successor entity, Defendant CommonSpirit had over fifteen employees at all times relevant to this matter.

14. At all times relevant hereto, Defendant CommonSpirit, as a successor entity, had over fifty employees working within a seventy-five mile radius of its worksite located at 3460 S 4155 W, West Valley City, UT 84120.

15. On information and belief, Defendant CommonSpirit is operationally connected or has control over the labor and employment policies and compliance of Defendant JVMC and/or Defendant Steward. Plaintiff is further informed and believes that Defendant CommonSpirit is a successor entity of Defendant Steward and has successor liability.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. On August 3, 2022, Mr. Baker filed a charge of discrimination with the Utah Antidiscrimination and Labor Division ("UALD") and the United States Equal Employment Opportunity Commission ("EEOC") stating that Defendant JVMC violated Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Utah Antidiscrimination Act of 1965, respectively, by unlawfully discriminating against him based on his disability sex and unlawfully retaliating against him for reporting unlawful discrimination. Mr. Baker's charge of discrimination was assigned EEOC No. 35C-2022-00420.

17. On May 3, 2023, the EEOC issued a Notice of Right to Sue (Issued on Request) to Mr. Baker.

18. The above-captioned action has been filed with the Court within ninety days of Mr. Baker's receipt of the Notice of Right to Sue, and thus this action is timely filed pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(f).

19. Mr. Baker has exhausted administrative remedies for any claims set forth herein that may require such exhaustion.

## ALLEGATIONS COMMON TO THE CLAIMS FOR RELIEF

20. In September 2014, Mr. Baker commenced employment with Defendant JVMC as a registered nurse in the emergency room.

21. Mr. Baker was later promoted to Emergency Room Director. Mr. Baker's duties as Emergency Room Director included: improving ER efficiency; setting and achieving patient care goals; hiring, training, and supervising ER staff, including nurses, technicians, and administrative personnel; ensuring appropriate staffing levels to meet patient demand; overseeing and maintaining compliance with medical regulations, safety protocols, and quality-assurance standards; assessing ER performance metrics and implementing improvement initiatives to enhance efficiency and patient outcomes; and developing and updating policies and procedures related to patient care, safety, and emergency protocols.

22. On September 8, 2021, Mr. Baker injured his left biceps at work while responding to a code blue—an emergency involving a patient who has gone into cardiac or respiratory arrest.

23. The same day of his injury, Mr. Baker spoke with HR Manager, Melissa DeNovellis, and ACNO Martha Gamble to request leave pursuant to the Family and Medical Leave Act ("FMLA"). Neither Ms. DeNovellis nor Ms. Gamble responded to Mr. Baker's request for FMLA leave.

24. Afterwards, Mr. Baker was mocked by his boss, Martha Gamble, for how he handled being injured.

25. Mr. Baker contacted Human Resources ("HR") for assistance in the Worker's Compensation process.

26. No one was informed on the process for an injured employee.

27. Mr. Baker was instructed to find a "yellow paper" and figure it out on his own.

28. Mr. Baker called Sedgwick, which handles internal claims for employees, and opened a case.

29. That same day, Mr. Baker had to be scheduled for a Magnetic Resonance Imaging ("MRI") due to his injury and was advised to schedule with an Out of Network provider. However, this was retracted, and HR was unsure of where Mr. Baker should go.

30. Mr. Baker asked about the MRI again and was told Ms. Gamble would talk to HR.

31. On September 21, 2021, Mr. Baker reached out to HR again for help getting an MRI scheduled since it had been 13 days since the injury.

32. The next day, the MRI was scheduled at Steward West Valley.

33. Mr. Baker was told the MRI was not sufficient and that another one had to be scheduled.

34. The second MRI was completed on September 27, 2021.

35. Once the results were received, Mr. Baker notified Ms. Gamble that he would be out for surgery.

36. Surgery was performed September 29, 2021—twenty-one days after the underlying injury occurred. Typically, this surgery is recommended within 14 days of injury, but in this instance, it kept being pushed out by no fault of Mr. Baker and despite his best efforts.

37. Around the time of Mr. Baker's surgery, he again requested FMLA leave from HR Manager Melissa DeNovellis and ACNO Martha Gamble. Again, both Ms. DeNovellis and Ms. Gamble failed to respond to Mr. Baker's requests for leave under the FMLA.

38. Mr. Baker's surgeon recommended that Mr. Baker shorten his shifts to four hours per day due to his injury. While Defendant JVMC purported to approve the accommodation, in practice, Defendant JVMC failed to abide by the accommodation and failed to limit Mr. Baker's respective shifts to four hours.

39. Ms. Gamble's daughter, Kristina, was employed with Steward.

40. Kristina would often make sexually harassing comments to other employees, and Ms. Gamble would ignore her behavior.

41. As the Director of ER, Mr. Baker investigated Kristina for sexual harassment because she would sit on others' laps, view and discuss inappropriate sites/topics, and generally make several employees uncomfortable through this behavior.

42. Mr. Baker was forced to work past his medically-recommended four hours on several occasions.

43. On November 3, 2021, Mr. Baker was required to attend a productivity meeting and, again, had to stay past his medically advised four-hour limit.

44. On November 8, 2021, Mr. Baker had finished his workday and received messages from Ms. Gamble stating he "abandoned her," even though his four-hour day had ended.

45. On November 17, 2021, a couple of months after his injury and surgery from which he was recuperating, Defendants placed Mr. Baker on a Performance Improvement Plan ("PIP").

46. Mr. Baker complained to Nathaniel Budge, the campus President and CEO, about Ms. Gamble's failure to observe his four-hour-shift accommodation.

47. On November 22, 2021, Mr. Baker met with the President of JVMC, Jon Butterfield, and ER Quality Coordinator, Holly Chase, to discuss the issues regarding Ms. Gamble's failure to observe Mr. Baker's four-hour-shift accommodation. Despite discussing the issue with Mr. Butterfield and Ms. Chase, Ms. Gamble's failure to observe the accommodation continued.

48. On December 2, 2021, Mr. Baker met with Mr. Budge and a member of HR to discuss the PIP he was issued following his injury. Thereafter, Mr. Baker was placed on administrative leave.

49. On December 7, 2021, Mr. Baker followed up with HR and Mr. Budge about his grievances against Ms. Gamble and was informed that no investigation had been conducted.

50. On December 9, 2021, Mr. Baker met with Mr. Budge and a member of HR. During the meeting, Mr. Baker was pressured to resign his employment. Mr. Baker refused to resign and was terminated.

## FIRST CLAIM FOR RELIEF

*Unlawful employment discrimination in violation of the ADA – disparate treatment*

51. Mr. Baker repeats the allegations contained in each of the proceeding paragraphs of this Complaint as if fully set forth in this paragraph.

52. Mr. Baker's left biceps injury constitutes a disability under the ADA as it is a physical impairment that substantially limited one or more major life activities, including but not limited, caring for oneself, performing manual tasks, sleeping, and lifting.

53. Even if, arguendo, Mr. Baker did not have a disability as delineated by the ADA, which he did, Defendants regarded Mr. Baker as disabled, and Defendants took the prohibited action of terminating his employment because Defendants regarded him as being impaired.

54. At all times material hereto, Mr. Baker—despite having a disability or despite Defendants regarding him as having a disability—was and is qualified to perform the essential functions of the Director of ER, with or without a reasonable workplace accommodation, and he had been successfully performing those essential functions.

55. Because of Mr. Baker's disability, he suffered an adverse employment action in the form of being involuntarily terminated by Defendants.

56. Because Defendants unlawfully discriminated against Mr. Baker by terminating his employment, Defendants must pay him damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenienced, mental anguish, and loss of enjoyment of life.

57. Because Defendants have been guilty of oppression, fraud, or malice, express or implied, Defendants must pay Mr. Baker an additional amount for the sake of example and by way punishment.

58. Mr. Baker has had to procure the services of an attorney to protect his rights and secure compensation for damages incurred as a result of the Defendants' violations of the ADA; therefore, he is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C § 12205.

## SECOND CLAIM FOR RELIEF

*Unlawful employment discrimination in violation of the ADA – failure to accommodate*

59. Mr. Baker repeats the allegations contained in each of the proceeding paragraphs of this Complaint as if fully set forth in this paragraph.

60. Mr. Baker's left biceps injury constitutes a disability under the ADA as it is a physical impairment that substantially limited one or more major life activities, including but not limited, caring for oneself, performing manual tasks, sleeping, and lifting.

61. Throughout the time period relevant to this matter, and at the time of Mr. Baker's termination, Mr. Baker was a qualified individual who, with reasonable accommodation, including

but not limited to the use of legally-mandated intermittent leave under the FMLA, could perform the essential functions of his position of Director of ER.

62.     By the actions set forth above, Defendants violated 42 U.S.C. § 12112(a) by unlawfully discriminating against Mr. Baker by failing and refusing to provide a plausibly reasonable accommodation for his disability when he was able to perform the essential functions of his position either with or without reasonable accommodation.

63.     Defendants further violated 42 U.S.C. § 12112(a) because Defendants unlawfully terminated Mr. Baker's employment rather than providing the reasonable accommodation.

64.     Mr. Baker was a qualified individual with a disability under the ADA.

65.     He was qualified to perform the essential functions of his position and had been successfully performing those essential functions.

66.     He was involuntarily terminated from his employment.

67.     Because Defendants unlawfully discriminated against Mr. Baker by terminating his employer rather than providing a reasonable accommodation to his disability, Defendants must pay Mr. Baker damages in an amount to be determined at trial for backpay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

68.     Because Defendants have been guilty of oppression, fraud or malice, express or implied, Defendants must pay Mr. Baker an additional amount for the sake of example and by way of punishment.

69. Mr. Baker has had to procure the services of an attorney to protect his rights and to secure compensation for damages incurred as a result of these violations of the ADA; therefore, he is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 12205.

### THIRD CLAIM FOR RELIEF

*Unlawful retaliation in violation of the ADA*

70. Mr. Baker repeats the allegations contained in each of the proceeding paragraphs of this Complaint as if fully set forth in this paragraph.

71. Mr. Baker engaged in protected opposition to Defendants' violations of the ADA as he repeatedly objected to Defendants' failure to provide the requested reasonable accommodations for his disabilities.

72. Defendants responded to Mr. Baker's objections and protected activity with adverse actions, including a campaign of retaliation and harassment, in violation of 42 U.S.C. § 12203.

73. A causal nexus, including temporal proximity, exists between Mr. Baker's protected activity and Defendants' adverse action.

74. As a result of Defendants' unlawful retaliation, Defendants must pay Mr. Baker damages in an amount to be determined at trial, for backpay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

75. Because Defendants have been guilty of oppression, fraud, or malice, express or implied, Defendants must pay Mr. Baker an additional amount for the sake of example and by way of punishment.

76. Mr. Baker has had to procure the services of an attorney to protect his rights and secure compensation for damages incurred as a result of Defendants' violations of the ADA; therefore, he is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 12205.

### FOURTH CLAIM FOR RELIEF

*Wrongful Termination in Violation of Public Policy*

77. Mr. Baker repeats the allegations contained in each of the proceeding paragraphs of this Complaint as if fully set forth in this paragraph.

78. Defendants terminated Mr. Baker's employment in December 2021 after he filed a workers compensation claim.

79. A substantial public policy exists prohibiting employers from terminating an employee's employment for pursuing a worker's compensation claims.

80. Mr. Baker's conduct as an employee brought the public policy of protecting employees from retaliation from pursuing worker's compensation claims and pursuing sexual harassment complaints into play when Defendants terminated Mr. Baker following his involvement in these protected activities.

81. Defendants' termination of Mr. Baker, and Mr. Baker's conduct bringing the mentioned public policies into play, are causally connected due to the fact Defendants' termination followed and was caused by his involvement in said conduct.

82. Defendants' employees confronted Mr. Baker after he began undergoing the protected activity of his worker's compensation claim and his pursuing the sexual assault claim against his superior's daughter.

83. Given Defendants' negative and reprimanding behavior against Mr. Baker since pursuing his protected activities, Defendants' termination of Mr. Baker following these acts was causally connected to the protected activities.

## FIFTH CLAIM FOR RELIEF

*Defamation*

84. Mr. Baker repeats the allegations contained in each of the proceeding paragraphs of this Complaint as if fully set forth in this paragraph.

85. Defendants' employees, acting in their official capacities, have made statements about Mr. Baker, including misrepresentations of criminal activities without observing the standard practice of proper due diligence in determining the truth of these accusations.

86. The statements that Defendants have published about Mr. Baker are false.

87. The statements that Defendants published about Mr. Baker were defamatory.

88. The statements that Defendants published about Mr. Baker were not privileged period.

89. The statements that Defendants published about Mr. Baker were made with the required degree of fault.

90. The statements that Defendants published about Mr. Baker caused him suffer damages.

91. Because Defendants are guilty of oppression and malice, express or implied, they must pay Mr. Baker an additional amount for the sake of example and by way of punishment.

92. Because Mr. Baker has been obligated to procure the services of an attorney to protect his rights as a result of Defendants' acts, Mr. Baker is entitled to an award of reasonable attorneys' fees as part of his damages.

## SIXTH CLAIM FOR RELIEF

*Defamation – Per Se*

93. Mr. Baker repeats the allegations contained in each of the proceeding paragraphs of this Complaint as if fully set forth in this paragraph.

94. Defendants' senior employees, acting in their official capacities, have made statements about Mr. Baker, including misrepresentations of criminal activities without observing the standard practice of proper due diligence in determining the truth of these accusations.

95. The statements that Defendants have published about Mr. Baker are false.

96. The statements that Defendants published about Mr. Baker were defamatory.

97. The statements that Defendants published about Mr. Baker were not privileged period.

98. The statements that Defendants published about Mr. Baker were made with the required degree of fault.

99. As the statements that Defendants published about Mr. Baker included false and defamatory statements involving conduct incongruous with the exercise of a business, trade, profession, or office, the statements made by Defendants are actionable per se, and Mr. Baker is not required to allege or prove damages as a result Defendants' statements.

100. Because Defendants are guilty of oppression and malice, express or implied, they must pay Mr. Baker an additional amount for the sake of example and by way of punishment.

101. Because Mr. Baker has been obligated to procure the services of an attorney to protect his rights as a result of Defendants' acts, Mr. Baker is entitled to an award of reasonable attorneys' fees as part of his damages.

## SEVENTH CLAIM FOR RELIEF

*Intentional Interference with Economic Relations*

102. Mr. Baker repeats the allegations contained in each of the proceeding paragraphs of this Complaint as if fully set forth in this paragraph.

103. Defendants intentionally interfered with Mr. Baker's existing and/or potential economic relations for an improper purpose and/or by improper means.

104. Defendants' intentional interference with Mr. Baker's existing and/or potential economic relations has caused injury to Mr. Baker.

105. Because Defendants are guilty of oppression and malice, express or implied, they must pay Mr. Baker and an additional amount for the sake of example and by way of punishment.

106. Because Mr. Baker has been obligated to procure the services of an attorney to protect his rights as a result of Defendants' acts, Mr. Baker is entitled to an award of reasonable attorneys' fees as part of his damages.

## EIGHTH CLAIM FOR RELIEF

*Intentional Infliction of Emotional Distress*

107. Mr. Baker repeats the allegations contained in each of the proceeding paragraphs of this Complaint as if fully set forth in this paragraph.

108. Defendants either personally or through their agents, engaged in and subjected Mr. Baker to outrageous and intolerable conduct offending generally accepted standards of decency

and morality, including by depriving him of essential medical care in a complete and timely fashion and requiring him to work with an intolerably-painful injury.

109. Defendants intended to cause emotional distress to Mr. Baker or acted with reckless disregard of the probability of causing emotional distress to Mr. Baker.

110. The conduct of Defendants caused Mr. Baker to suffer severe emotional distress.

111. Defendants are liable for intentionally inflicting emotional distress upon Mr. Baker and must pay Mr. Baker damages in an amount to be determined at trial.

112. Because Defendants are guilty of oppression and malice, express or implied, they must pay Mr. Baker and an additional amount for the sake of example and by way of punishment.

113. Because Mr. Baker has been obligated to procure the services of an attorney to protect his rights as a result of Defendants' intentional acts, Mr. Baker is entitled to an award of reasonable attorneys' fees as part of his damages.

### NINTH CLAIM FOR RELIEF

*Negligent hiring, supervision, retention*

114. Mr. Baker repeats the allegations contained in each of the proceeding paragraphs of this Complaint as if fully set forth in this paragraph.

115. Defendants were under a duty to exercise reasonable control of its employees so that they would not harm Mr. Baker.

116. Defendants knew or reasonably should have known of the acts of Defendants' employees that harmed Mr. Baker.

117. By failing to properly supervise, train, and control its employees, Defendants breached their duty to exercise reasonable care owed to Mr. Baker.

118. Defendants' breach of their duty set forth above caused Mr. Baker harm, and Defendants must pay Mr. Baker damages in an amount to be determined at trial.

119. Because Defendants are guilty of oppression and malice, express or implied, they must pay Mr. Baker an additional amount for the sake of example and by way of punishment.

120. Because Mr. Baker has been obligated to procure the services of an attorney to protect his rights as a result of Defendants' acts, Mr. Baker is entitled to an award of reasonable attorneys' fees as part of his damages.

## TENTH CLAIM FOR RELIEF

*FMLA Interference*

121. Mr. Baker repeats the allegations contained in each of the proceeding paragraphs of this Complaint as if fully set forth in this paragraph.

122. The FMLA prohibits an employer from interfering with, restraining, or denying the exercise of or the attempt to exercise, any right provided under the Act.

123. Defendants, and each of them, are engaged in an industry or activity affecting commerce as defined by the FMLA, 29 U.S.C. § 2611(1).

124. Defendants, and each of them, have employed fifty or more employees for each working day during each of twenty or more calendar workweeks in the current or preceding calendar year.

125. Defendants, and each of them, are subject to the requirements of the FMLA.

126. Mr. Baker was an employee eligible for FMLA benefits when he requested leave under the Act in September 2021 for a serious health condition as defined in 29 U.S.C. 2611(11).

127. Mr. Baker was an employee eligible for FMLA benefits when he requested leave under the Act in September 2021.

128. When Mr. Baker requested FMLA leave in September 2021, he had been employed by Defendants, or any one or all of them, for at least twelve months.

129. When Mr. Baker requested FMLA leave in September 2021, he had been employed for at least 1,250 hours of service during the twelve-month period immediately preceding the commencement of the requested leave.

130. When Mr. Baker requested FMLA leave in September 2021, he had been employed at a worksite where Defendants employed fifty or more employees within seventy miles of that worksite.

131. Defendants failed to provide Mr. Baker with a Designation Notice, Form WH-382, following his requests for FMLA leave in September 2021.

132. Defendants did not provide Mr. Baker with a Notice of Eligibility and Rights & Responsibilities, Form WH-381, after his FMLA requests in September 2021.

133. Mr. Baker was entitled to benefits under the FMLA, including leave time and job protections.

134. Defendants violated section 2615(a)(1) of the Act by failing to respond to Mr. Baker's requests for FMLA leave, including failing to provide the notices required pursuant to the Act's regulations.

135. Defendants violated sections 2615(a)(1) and 2615(a)(2) of the Act by not responding to Mr. Baker's requests for FMLA in September 2021 and thereby interfered with Mr. Baker's rights and entitlements under the FMLA.

136. By refusing to grant Mr. Baker's requests for FMLA, Defendants interfered with the length and date of leave in violation of section 2615(a)(1) of the Act.

137. In violation of 29 U.S.C. § 2615(a)(2), the Defendants discriminated against Mr. Baker for opposing the interference with, restraint of, and denial of his rights under the FMLA thereby violating the Act's regulations, 29 C.F.R. § 825.209.

138. Defendants are liable to Mr. Baker for violating his rights under the FMLA and specifically for engaging in acts prohibited by 29 U.S.C. § 2615.

139. As a result of Defendants' violations of the FMLA, Mr. Baker has had to incur attorney's fees and costs to pursue his legal rights and remedies through this action.

140. Mr. Baker is entitled to all remedies available under the FMLA and hereby claims entitlement to all appropriate remedies, including: money damages for lost wages and benefits, any other actual money damages caused by Defendants' violation of the FMLA (such as medical expenses); liquidated damages as provided for by the Act; interest as provided by the FMLA and other law; equitable and/or injunctive relief including employment, reinstatement, and/or promotion as provided for by the FMLA and/or front pay in lieu of employment or reinstatement; and attorney fees and costs.

141. Mr. Baker is entitled to and demands a trial by jury of all issues that may be tried to a jury.

**DEMAND FOR RELIEF**

WHEREFORE, Mr. Baker, Plaintiff, requests that the Court enter judgment in his favor and against Defendants, jointly and severally, as follows:

A. Plaintiff be awarded damages, including, but not limited to, lost compensation, backpay, and front pay, in an amount to be determined at trial;

B. Employment benefits denied or lost by Plaintiff as a result of Defendants' violation of section 2615 of the Family and Medical Leave Act;

C. An additional amount as liquidated damages equal to the sum of the compensation and employment benefits denied Plaintiff and the interest on the same;

D. Plaintiff be awarded pre- and post-judgment interest to the maximum extent allowed by law;

E. Injunctive relief and a restraining order barring Defendants from further publishing false and otherwise defamatory statements regarding Plaintiff;

F. Plaintiff be awarded punitive damages as allowed by law;

G. Plaintiff be awarded his reasonable attorneys' fees and costs incurred in prosecution of this action; and

H. For such other and further relief as the Court deems just and proper.

DATED: August 1, 2023.                         HEPWORTH LEGAL

                                                        /s/ *Dustin L. Clark*
                                                        Michael K. Hepworth
                                                        Dustin L. Clark
                                                        *Attorneys for Plaintiff*